BOLING v. ASBRIDGE.

No. 12306—Opinion Filed Dec. 13, 1921.

Rehearing Denied Jan. 24, 1922.

(Syllabus.)

1. Master and Servant — Injury to Third Person—Negligence of Automobile Driver—Agency—Burden of Proof.

When the plaintiff in an action seeks to charge the owner of an automobile with liability for an injury inflicted by the car while it was being operated by another, the burden is on the plaintiff not only to show that his injury was the proximate result of the negligence of the operator, but also that such person was the servant or agent of the defendant and was at the time of such negligence acting within the scope of his employment.

2. Same.

When the plaintiff has suffered injury from the negligent management of an automobile it is sufficient prima facie evidence that the negligence was imputable to the defendant to show that he was the owner of the car without proving affirmatively that the person in charge was the defendant's servant.

3. Same—Character of Agency of Driver.

It is not essential that the agency established should be a business agency or the service a remunerative service.

4. Appeal and Error—Review—Excessiveness of Verdict—Personal Injuries.

When the proofs of damage are submitted to a jury under proper instructions, in a suit for personal injuries, and the verdict not being so excessive as to raise the presumption that the jury was actuated in rendering such verdict by passion or prejudice, and there being no specific proofs, otherwise, showing that the jury was so actuated, and the trial judge fails to act and enters judgment on the verdict, held, this court will not interfere with the verdict of the jury by ordering a remittitur.

5. Same — Harmless Error — Ruling on Pleading—Sufficiency of Evidence and Instructions.

Record examined, and held: (1) That the action of the trial court in ruling upon defendant's motion for leave to file a verified answer out of time was not reversible error. (2) that the evidence reasonably supports the verdict of the jury and the judgment rendered thereon; (3) that the instructions given stated the law with reasonable fullness and substantial accuracy; (4) that the verdict, while liberal, was not excessive in amount.

Miller, J., dissenting in part.

Error from District Court, Tulsa County; A. C. Brewster, Judge.

Action by Julia E. Asbridge against Dottie Boling for damages for negligent death of her husband. Judgment for plaintiff, and defendant brings error. Affirmed.

Davidson & Williams, for plaintiff in error.

McGee & Bennett and Robinett & Ford, for defendant in error.

KANE, J. This was an action for damages for personal injuries resulting in death, commenced by the defendant in error, Julia E. Asbridge, in her own behalf, as the surviving widow of W. C. Asbridge, deceased, and in behalf of their children, against the plaintiff in error, the Tulsa Auto Livery Company, a corporation, and J. R. Boling, as defendants. Subsequent to the filing of the petition the cause was dismissed as to the Tulsa Auto Livery Company and J. R. Boling, and thereafter proceeded to trial and judgment against Dottie R. Boling, as sole defendant. W. C. Asbridge was killed by being run down by an automobile belonging to the defendant Dottie R. Boling while being driven by one Temple Holder upon one of the principal streets of the city of Tulsa.

The petition, which charged negligence in violating certain city traffic ordinances, was in the usual form in such cases and admittedly stated a cause of action. The answer was (1) a general denial, and (2) contributory negligence. The reply was a general denial of each and every material allegation of new matter set up in the answer.

Upon trial to a jury there was a verdict in favor of the plaintiff in the sum of $20.-

000, upon which judgment was duly entered, to reverse which the proceeding in error was commenced.

Counsel for defendant summarize their grounds for reversal substantially as follows:

(1) Error of the court on the theory that it was admitted by the pleadings that Temple Holder was the servant, agent, and employe of Dottie R. Boling.

(2) The demurrer of Dottie R. Boling to the evidence introduced on behalf of the plaintiff should have been sustained.

(3) Error of the court in giving certain instructions.

The first assignment of error is based upon the following circumstances: The answer of the defendant was not verified. During the opening statement of counsel for the defendant he stated that the evidence would show that the man who was driving the car at the time of the accident had taken it without the knowledge of the defendant and was using it in a manner wholly disconnected from and for a matter in which the defendant had no interest or concern. At this point counsel for the defendant suggested that the unverified petition did not put in issue the allegation of agency contained in the petition. Thereupon, counsel for defendant asked leave to verify the answer.. After the court announced that he was not quite ready to pass on the question thus raised the cause proceeded until the close of plaintiff's evidence, whereupon the motion for leave to verify was overruled. Thereupon counsel for defendant asked leave to file an amended answer, to which the court answered: "You can file it as a matter of record, but as an answer in this case I think it comes too late." Thereupon the motion was filed, and the cause proceeded without further action thereon. At the close of plaintiff's case in chief the defendant filed a demurrer to the evidence, which was overruled. The defendant then introduced her evidence and rested. After the close of all the evidence the court made the following announcement:

"Let the record show at this point that the amended answer offered to be filed by the defendant in this case will now be permitted to be filed as requested by the defendant, and the court will hold in this case the burden of proof is upon the plaintiff to establish the question as to whether the driver in this case had any authority or had authority to drive this car."

While this action upon defendant's motion was somewhat dilatory, we are unable to perceive how she suffered any harm from the delay in ruling. The purpose of the defendant in asking leave to amend by verifying her answer was to cast the burden upon the plaintiff of showing that Holder had authority to drive the car. While the court was rather deliberate in ruling upon these questions, he finally did so in favor of the defendant. As in the meantime the cause proceeded in all respects as though the answer had been verified from the start, it is from this standpoint we will view the record in examining the remaining assignments of error.

In presenting the second assignment of error counsel do not seem to disagree upon the general principle that when the plaintiff in an action seeks to charge the owner of an automobile with liability for an injury inflicted by the car while it was being operated by another, the burden is on the plaintiff not only to show that his injury was the proximate result of the negligence of the operator, but also that such person was the servant or agent of the defendant and was at the time of such negligence acting within the scope of his employment. Berry on Automobiles, 683; Patterson v. Milligan, 12 Ala. App. 324.

The question they differ upon is the sufficiency of the evidence to sustain the burden cast upon the plaintiff by this rule. The evidence adduced on behalf of the plaintiff shows without contradiction the following state of facts: John R. Boling and the defendant Dottie R. Boling were the sole owners of the Tulsa Auto Livery Company. Whether this concern was a corporation or a partnership is not clear, but as it was originally sued herein as a corporation, it will be proper to treat it as such in so far as the nature of its organization has any bearing on the case. At the time of the accident Temple Holder was in the general employment of the Tulsa Auto Livery Company, having charge of the office. On the date of the accident Mrs. Boling came to the office of the livery company in her private car, parking the same near by before entering; that Holder asked Mrs. Boling to watch the desk while he went to the courthouse to procure certain automobile license tags; that Mrs. Boling agreed to remain in the office and watch the desk, whereupon Holder took Mrs. Boling's private car, went to the courthouse, procured the license tags for the taxicabs used by the company, and also a tag for defendant's private car, and was on his way back to the office when the accident occurred. It is contended that "There was not a single, solitary thing in that testi-

mony to show that Temple Holder was the servant, agent, or employe of Dottie R. Boling." This contention is based upon the assumption that it is settled law that proof of ownership of the automobile affords no presumption that the driver was the owner's agent or that the car was engaged in the owner's business at the time it struck the plaintiff.

While there is some respectable authority to this effect, the great weight of authority seems to be to the contrary. In the standard work of Shearman & Redfield on Negligence (6th Ed.) vol. 1, sec. 158, the rule generally followed is stated as follows:

"When the plaintiff has suffered injury from the negligent management of a vehicle such as a boat, car, or carriage, it is sufficient prima facie evidence that the negligence was imputable to the defendant. to show that he was the owner of the thing without proving affirmatively that the person in charge was the defendant's servant. It lies with the defendant to show that the person in charge was not his servant, leaving him to show, if he can, that the property was not under his control at the time, and that the accident was occasioned by the fault of a stranger, an independent contractor, or other person for whose negligence the owner would not be answerable."

This language was quoted with approval in denying motion for rehearing and granting motion that cause be certified to the Supreme Court in Hays v. Hogan, 180 Mo. App. 237, 165 S. W. 1125, and there are many other cases to the same effect.

While the question of whether the driver of the vehicle was acting as the servant of the owner at the time his vehicle caused injury to another more frequently arises since the advent of the automobile than before it, the question is not a new one. Several old cases have held that proof that the vehicle belonged to the defendant raises the inference that the driver was his servant. See Vonderhorst Brewing Co. v. Amrhine. 98 Md. 406. And the same proposition was expressly sustained by Lord Chief Justice Denman in the case of Joyce v. Capel & Slaughter, 8 Car. & P. 370. And a modern text-writer, Berry on Automobiles, 694, approves the rule, saying:

"The rule is just and reasonable, however, because it concerns a matter that the owner is in position to disprove if untrue, while it is often extremely difficult for the plaintiff to prove his case by positive evidence."

An examination of the authorities leads us to the conclusion that the tendency of the courts in this class of cases is to resolve doubts against the owner or master to the extent of submitting the question as one of fact to the jury. Berry on Automobiles, 683, and cases cited.

While the next assignment of error presented by counsel for defendant is entitled "Instructions," they again question the sufficiency of the evidence after the case was closed to support the verdict as a matter of law. They say that, assuming the plaintiff made a prima facie case, the presumption relied upon is but a frail thing at best, which cannot stand in the face of the positive proof of facts to the contrary by the witnesses for the defendant. The trouble with this contention is that, as we view the evidence on the part of the defendant it does not conflict with the evidence supporting plaintiff's prima facie case, but tends to strengthen rather than weaken the presumption upon which it rests.

The defendant, testifying in her own behalf, corroborated the evidence of the plaintiff as to the ownership of the automobile, and further testified that Holder was authorized to use it whenever it was not otherwise in use, either for his own business or pleasure or for the business of the Tulsa Auto Livery Company, or for the defendant's business or pleasure.

The defendant also testified that a day or two before the accident she had a conversation with Holder, wherein she specifically authorized him to procure a license for her car on a trip to the courthouse which he was then contemplating for the purpose of procuring licenses for the cars used by the Tulsa Auto Livery Company. She also testified that it was perfectly agreeable to her for Holder to use her car for this purpose. While the evidence as to whether the defendant specifically authorized Holder to use her car for the purpose of getting a license tag for her private car on the particular day in question may be a little vague, we think the inference that she did fairly arises from all the proof. It is not essential that the agency established should be a business agency or the service a remunerative service. McNeal v. McKane, 33 Okla. 449, 126 Pac. 742.

Holder undoubtedly entertained the conviction from the relations existing between himself and the defendant that he had authority, not only to use her car, but to procure the license tags for the owner, and we think the facts and circumstances disclosed by the evidence were sufficient to justify this conclusion both upon the part

of Holder and also upon the part of the jury.

Of the part of this assignment of error which questions the instructions given by the court it is sufficient to say that we have examined the instructions as a whole, and believe that they state the law applicable to the case with reasonable fullness and substantial accuracy.

In a reply brief counsel for defendant complains of the size of the verdict, claiming that it is too large. While the verdict is liberal, we are unable to discover anything in the record, and nothing has been pointed out to us by counsel, which would lead us to believe that it was the result of bias and prejudice or heat and passion on the part of the jury. In our judgment the record is unusually free from error, and there being nothing to indicate heat or passion on the part of the jury except the size of the verdict, we are not at liberty to interfere with the findings of the jury merely because the verdict may seem to us to be too large.

It is well settled that, when the proofs of damage are submitted to a jury under proper instructions, in a suit for personal injuries, and the verdict not being so excessive as to raise the presumption that the jury was actuated in rendering such verdict by passion or prejudice, and there being no specific proofs, otherwise, showing that the jury was so actuated, and the trial judge fails to act and enters judgment on the verdict, this court will not interfere with the verdict of the jury by ordering a remittitur. Sand Springs Park v. Schrader et al., 82 Okla. 244, 198 Pac. 983; Henryetta Coal & Mining Co. v. O'Hara, 50 Okla. 159, 150 Pac. 1114; Waters-Pierce Oil Co. v. Deselms, 18 Okla. 107, 89 Pac. 212.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur. MILLER, J., concurs in the principles of law announced, but is of the opinion that the plaintiff should be required to file a remittitur in the sum of $5,000.