**RAWLEY v. COMMONWEALTH COTTON OIL CO. et al.**

No. 10685—Opinion Filed Dec. 12, 1922.

(Syllabus.)

**1. Parent and Child—Liability for Acts of Child.**

It is well settled that the liability of a parent for the act of a minor son rests upon the same basic facts as the liability of a master for the acts of his servant, and does not result from the fact of the tort or act being purposely or willfully done, but from its being done in doing the master's or parent's business.

**2. Negligence — Instruments of Danger — Care Required.**

The law requires of persons having in their custody instruments of danger, that they should keep them with the utmost care.

**3. Master and Servant — Authority of Watchman—Violence to Trespassers.**

The mere employment of a watchman to guard property and keep away trespassers does not involve authority to shoot trespassers, nor does it involve authority to loan fire arms to children for any purpose.

**4. Same—Action for Injuries to Third Persons—Insufficiency of Evidence.**

Record examined, and held, that the action of the trial court in sustaining a demurrer to the evidence was without error.

Error from District Court, Payne County; Arthur R. Swank, Judge.

Action by Milo Rawley, a minor, by J. R. Rawley, his father and next friend, against the Commonwealth Cotton Oil Company and others for damages for personal injuries. Judgment for defendants, and plaintiff brings error. Affirmed.

F. A. Rittenhouse and Geo. B. Rittenhouse, for plaintiff in error.

Wilcox & Swank, for defendants in error.

KANE, J. This was an action for damages for personal injuries commenced by the plaintiff in error against the defendants in error. After the plaintiff had introduced his evidence and rested, the trial court sustained a demurrer thereto, and it is to review this action that this proceeding in error was commenced.

The facts shown by the evidence to which the demurrer was sustained may be briefly summarized as follows:

Milo Rawley, the injured boy, together with several companions of about the same age, were at the time of the injury engaged in fishing in a pond situated on the premises of the Commonwealth Cotton Oil Company, a corporation, of which the defendants John H. Bellis and E. A. Smith were officers, William Bellis and Dearman Smith being their minor sons.

While young Rawley and his companions were engaged in fishing, the Bellis and Smith boys, one being armed with a 22-caliber target rifle and the other with a 36-gauge shotgun, approached and told the fishing party that they would have to pay a dime apiece for the privilege of fishing at the pond or get off the premises; that this command was made in pursuance of instructions received from their fathers, who they said would use the money thus collected for the purpose of keeping up the office of the Commonwealth Cotton Oil Company. After some little conversation along this line, the two boys with the guns departed without having collected any money, and commenced hunting along the margin of the pond. Shortly thereafter, probably within 15 or 20 minutes, William Bellis discharged the target rifle at a flock of black birds and the bullet, glancing from its course, found lodgment in one of young Rawley's eyes, totally destroying the sight thereof.

The undisputed evidence further shows that the two boys borrowed the guns from one Sylvester Brown, a negro employed as night watchman by the Commonwealth Cotton Oil Company; that the guns were the private property of Brown, who resided with his family in a house situated on the premises belonging to the Commonwealth Cotton Oil Company; that Brown had loaned a gun to William Bellis to hunt with on two other occasions, both of which times he accompanied him on the trip, but that Dearborn Smith had never previously borrowed a gun from him; that neither Bellis nor Smith, pere, nor the Commonwealth Cotton Oil Company had any knowledge that Brown owned the guns or that he ever loaned them to the boys.

Counsel for plaintiff in error state their theory of their case in their brief as follows: It is the theory of the plaintiff in error that he is entitled to recover in this case against the Commonwealth Cotton Oil Company by reason of the negligence of said company, acting through its employe, Brown, in delivering to the minor sons of the officers of the company their guns and permitting them to use the same upon the property of the Commonwealth Cotton Oil Company; that the act of Brown in giving the minors the guns was negligence per se; that the company was answerable for the acts of Brown in delivering the guns to these minors; that the de-

fendants John H. Bellis and E. A. Smith are answerable for the acts of their minor sons in that they were negligent in allowing their sons to have these guns, and also under the theory of principal and agent, and master and servant.

There is no material dispute between counsel for the various parties as to any proposition of law, all agreeing that under section 4383, Revised Laws of Oklahoma 1910, and the rule announced in McNeal v. McKain, 33 Okla. 449, 126 Pac. 742, 41 L. R. A. 755, no such relation exists between father and son, though the son be living with his father as a member of the family, as will make the tortious acts of the son more binding upon the father than the acts of any other person.

In other words, it is conceded that the father is not liable for the tortious acts of his sons by reason simply of the relationship, nor by reason of their minority, nor because they lived at home with him and worked for him and were under his care, management, and control.

And there is no dispute as to the proper rule of law governing liability of the master for injuries inflicted on his servant or the law of principal and agent in like circumstances.

Therefore the only question for consideration is whether the facts disclosed by the evidence hereinbefore summarized establish the liability of the defendants under a proper application of these well-settled rules.

We are fully convinced that no liability has been shown. In the first place, considering the rights and liabilities of the parties from the standpoint of master and servant, an essential ingredient of liability is lacking, viz., that the shooting does not appear to have been within the scope of the boys' employment, even assuming that they had authority from the corporation or their fathers as officers of the corporation to collect ten cents from the injured person for the privilege of fishing in the pond.

The liability of a parent for the act of a minor son rests upon the same basic facts as the liability of master for the acts of his servant, and does not result from the fact of the tort or act being purposely or willfully done, but from its being done in doing the master's or parent's business. Mirick v. Sucky (Kan.) 87 Pac. 1141.

But counsel say the law requires of persons having in their custody instruments of danger, that they should keep them with the utmost care, and Dixon v. Bell, 5 Maule & Selwyn, 198, is cited to the effect that where the defendant, being possessed of a loaded gun, sent a young girl to fetch it, with directions to take the priming out which was accordingly done, and a damage accrued to the plaintiff's son in consequence of the girl's presenting the gun at him and drawing the trigger, when the gun went off, the defendant was liable in damages in an action upon the case.

The principle announced in the English case is in no way applicable to the case at bar, for, as we have seen, neither the fathers of the boys nor the corporation of which they were officers owned the guns or entrusted the children with them or knew that either the watchman or the children were in possession of them. The guns were the private property of the watchman and were in no way suitable or essential to his employment.

Surely the mere employment of a watchman to guard property and keep away trespassers does not involve authority to shoot trespassers, nor does it involve authority to loan fire arms to children for any purpose. 26 Cyc. page 1541.

"The test is not the character of the act, nor whether it was done during the existence of the servant's employment; but whether the injury complained of was committed by the authority of the master expressly conferred or fairly conferred or fairly implied in the nature of the employment and the duties incident to it." 26 Cyc. 1526.

The action having been dismissed against the Smith boy, who actually inflicted the injury, and there being no serious contention put forth in the brief of liability on the part of the Bellis boy, who accompanied him, we do not deem it necessary to discuss this feature of the case further than to say that we are satisfied that the ruling of the trial court in sustaining a demurrer to the evidence is correct.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, McNEILL, MILLER, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.