### DILLINGHAM v. TEETER.

No. 11564—Opinion Filed May 15, 1923.

Rehearing Denied July 3, 1923.

1. **Parent and Child—Negligence of Child—Liability of Parent.**

Defendant owned and kept upon his premises an automobile for business purposes, and also for the comfort and pleasure of the members of his family, and a minor son was authorized and permitted to operate and use it at any time; while the son was using the car for a specific purpose with defendant's express permission, his negligent and careless operation thereof caused injury to plaintiff. It is held: (a) That although using the car for his own personal pleasure, the son was acting within the scope of his authority, and defendant is liable for his negligence in operating the same. (b) The evidence supports the verdict in finding the son guilty of negligence, and in exonerating the plaintiff from the charge of contributory negligence.

2. **Same—Action—Instructions.**

The instructions by the court examined, and the same held to be applicable to the case.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by C. L. Teeter against J. J. Dillingham for damages for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

McKeefer & Moore, for plaintiff in error.

Curran & Kruse, for defendant in error

Opinion by PINKHAM, C. The defendant in error was plaintiff in the court below, and the plaintiff in error was defendant. The parties will be referred to in this opinion as in the court below.

This was an action for damages for personal injuries. The plaintiff, C. L. Teeter, was run down and injured on one of the streets of Enid, Okla., on or about the 19th day of February, 1919, by an automobile belonging to the defendant, J. J. Dillingham, while being driven by one Thomas Dillingham, minor son of the defendant, J. J. Dillingham. The petition charged that the said Thomas Dillingham was driving said car at a high and negligent rate of speed, and without warning, and without looking to see persons in or near the intersection of the streets which plaintiff was attempting to cross, and that said Thomas Dillingham negligently and carelessly ran into plaintiff, knocking him down, thereby inflicting upon him serious bodily injuries.

The defendant filed an answer denying generally the allegations of the plaintiff's petition, and denying specifically that Thomas Dillingham, his son, who was driving the car, was engaged in and about the defendant's business, and denying that the said son was within the scope of his authority, but alleging that the said son was driving the car for his own pleasure, and on an errand specifically his own, and without authority or direction of the defendant, and that if the said plaintiff was injured, he contributed by his own negligence, and therefore could not recover.

Upon a trial to a jury there was a verdict rendered in favor of the plaintiff in the sum of $1,500, which judgment was duly entered, to reverse which the proceedings in error were commenced.

The errors complained of by the defendant are as follows:

"(1) That said court erred in overruling the defendant's motion for new trial.

"(2) That the court erred in rendering a judgment in favor of the plaintiff and against the defendant.

"(3) The court erred in sustaining the objections to evidence offered by the defendant.

"(4) The court erred in permitting evidence offered by the plaintiff over the objections of the defendant.

"(5) The court erred in instructions to the jury, by refusing to give certain instructions offered by the plaintiff in error as set forth in the motion for new trial.

"(6) The court erred in giving to the jury instructions Nos. 1, 4, 8, 10, 11 and 12.

"(7) Other errors apparent upon the inspection of the record."

The 1st, 2nd, and 3rd assignments of error are not discussed by counsel for defendant in their brief, except in connection with other assignments.

Under the 4th assignment of error the defendant complains that the court overruled defendant's objection to certain testimony. This assignment of error is based upon the following circumstances: Immediately after the accident, the defendant's son conveyed the plaintiff, who was disabled, to plaintiff's house; and the plaintiff and other witnesses who were there present testified to a statement made at the time by the son, Thomas Dillingham, with reference to how the accident occurred, which was, "My father will be over in the morning to fix it up." Counsel for defendant objected to the introduction of this testimony on the ground that it was an attempt to bind the father by a statement made by the son, not in the presence of the father. "And if the boy was not acting as the father's agent, any statement made by the boy would not bind the father."

No argument is made or authority cited in support of this assignment, but under another assignment of error complaining of the instructions of the court, the question of whether the son was acting as the agent of the father at the time of the accident is discussed in defendant's brief, and the question raised under this assignment of error will be disposed of when we consider other assignments of error where the question of agency is raised.

Under the 5th assignment of error, the defendant complains that the court refused to give an instruction offered by the defendant, which instruction is as follows:

"The jury is instructed in this case it is admitted that if the defendant is liable to the plaintiff it is by reason of the fact that the defendant was the owner of the automobile driven by his minor son at the time the accident occurred, and in this connection you are instructed that the defendant cannot be held liable in this case for any injury or damage to plaintiff, or that he may have sustained, if any, because he owned the automobile or because his son was driving the car, but to entitle the plaintiff to recover he must prove, by a preponderance of the evidence, that at the time of the injury the driver was the servant or agent of the defendant, and was at the time engaged in his business or affairs, and while so engaged the injury resulted from the driver's negligence, and if you find from the evidence the automobile was being used by the son in some way not connected with the father's business, and if the son was acting for himself at the time the injury occurred, and not under the direction and control of the father, the father cannot be held liable for negligence in the operation of the automobile and your verdict should be for the defendant."

This instruction, which was refused, was practically covered by instruction No. 8, which was given by the court, and which is as follows:

"The jury is instructed that if the defendant is liable to the plaintiff it is by reason of the fact that the defendant was the owner of the automobile operated by his minor son at the time of the accident, and in this connection you are instructed that the mere fact that the defendant was the owner of the car would not of itself make the defendant liable, but to entitle the plaintiff to recover, he must prove by a preponderance of the evidence that at the time of the injury the driver was the servant or agent of the defendant and was at the time engaged in his business or affairs and while so engaged the injuries resulted from the driver's negligence."

Under the 6th assignment of error counsel for defendant say in their brief: "The court erred in giving instructions Nos. 1, 4, 8, 10, 11, and 12," —and submit the following proposition:

"If the father is not liable for an injury caused by his son who was engaged in his own pleasure, though with the father's automobile, then these instructions are erroneous and should not have been given and they amount substantially to a directed verdict in favor of the plaintiff."

This proposition does not take into consideration some of the material facts in the case.

The undisputed facts disclosed in the record are that the defendant was the owner of an automobile, and that it was kept and maintained chiefly for the use, comfort, and

pleasure of defendant's family; that the defendant's minor son, Thomas Dillingham, was permitted to use the car whenever he desired, and for a year prior to the date of the injury to plaintiff had, with the permission and consent of the defendant, driven the car practically every day, taking the other members of the family out in the car whenever any of them desired to go; that on the night of the accident, the son took the car and conveyed the defendant from his home to the Masonic Temple, from which place the son started to drive the car to the home of a girl friend for the purpose of conveying her to some place of entertainment. At the time the father and son left their home in the car, the father knew that the son had arranged to go to the girl's home for the purpose stated, and the father consented to the use of the car by the son to carry out the said arrangement, and authorized him to do so. After leaving the defendant at the Masonic Temple, the son proceeded in the car, and at or near the intersection of Main and Jefferson streets in the city of Enid, Okla., struck the plaintiff, who was attempting to cross the street, knocking him down and dragging him some distance, and inflicting the injuries complained of. The night was stormy; it was raining, but the street was lighted with an arc light; the son testified that he did not see the plaintiff until he struck him; the car was being driven at a rate of speed, according to plaintiff, of 30 miles per hour; and according to the son, from 15 to 20 miles per hour.

The question of the negligence of the son was submitted to the jury under proper instructions, and the evidence clearly establishes such negligence. The son had the express consent and permission of the defendant to use and drive the car on the night of the injury, for the very purpose for which the son was using it when he struck the plaintiff.

The vital question in the case is whether under the facts the defendant is liable for the negligence of the son on the occasion of the accident. Defendant's theory is that under the law the negligence of the son cannot be imputed to the father, where the son is using the car for his own purposes or pleasure, and our attention is directed to a number of cases which it is said support that proposition.

In the first place, this is not a case where an employe, or chauffeur, or a child takes the car of the owner, or father, unknown to the owner or parent, or contrary to the instructions of the owner, or without the express or implied permission of the owner. The case of Reynolds v. Buck (Iowa) 103 N. W. 946, referred to by defendant in his brief, was a case where the son took the car without the knowledge or consent of the father. The facts in the case at bar clearly disclose that on the occasion of the accident the son was engaged in conveying the father from his own home to a certain place, and upon leaving the father, was expressly authorized by the father to use the car for the purpose heretofore stated, and the son was therefore acting within the scope of his authority. The case of McNeal v. McKain, 33 Okla. 449, 126 Pac. 742, is also referred to. The McNeal Case, supra, was decided upon the facts in that case.

In the opinion Williams, J., said:

"Vehicles and motor cars may be used not only for the business of the master for profit, but also for pleasure. If Paul, the minor son of the plaintiff in error, had been driving his father's carriage (whilst he was a member of his family), in which were contained his sister and a guest of his father's house, the same being done by him with the express or implied consent of his father, the relation of master and servant would exist, and the father would be liable for the negligent acts of the minor son while engaged in the driving of the carriage; and the same rule is supported by authorities as to motor cars."

And it is further said in the opinion of that case:

"We have been unable to find any case holding that where the father bought an automobile to be used for the purpose of the pleasure of his family, and the minor child, who was a member of his family, either with the express or implied consent of the father, took the automobile out and drove it carrying therein members of the family, including guests of said family, the child who drove that machine was not the servant expressly or impliedly of the father."

The facts disclosed in the record in this case were not before the court in the McNeal Case, supra, but the principle announced in that case is, we think, applicable to the facts in the case at bar. If the girl friend of the son had been at the home of the father, and the son had taken her out in the car with the permission of the father, no question could arise as to the authority of the son in so doing, and the mere fact that the girl was at her own home, and the son having received the consent of the father to take this girl out in his car, cannot alter the legal status of the father.

The case of Norton v. Hall, 149 Ark. 428, is also referred to. In that case a demurrer was sustained to the petition. In the opinion in that case, it is said:

"We reject the so-called 'family purpose' doctrine as stated by some of the courts in its broadest sense, but we do not mean to hold that there may not be circumstances under which it would be a question of fact for the jury to determine, whether the person so operating the car was the agent of the head of the family. * * *"

The entire argument of defendant under this assignment of error, which questions the instructions given by the court, is directed to the proposition that in view of the facts disclosed in the record, the son, Thomas Dillingham, was not acting within the scope of his authority at the time of the accident, and therefore he was not the agent of the father, and that the instructions complained of, which were to the effect that if the jury found from a preponderance of the evidence, that the defendant's son was permitted to use the automobile of the defendant, and was allowed to take the same out and use it, and that he was driving the automobile by the permission of the defendant, then this son was the agent of the defendant, were erroneous.

The only two instructions complained of which instruct the jury under what circumstances the son would be considered the agent of the defendant are instructions Nos. 10 and 12, which are as follows:

"Instruction No. 10.

"The court further instructs the jury that a father who furnishes an automobile for the pleasure and convenience of his family, of the members of his family, the use of such vehicle for such purposes is his affair or business, and any member of the family driving the vehicle with his consent, either expressly or implied, is the agent of the father, and the father is liable for his negligence. And you are further instructed where a father has furnished an automobile for the convenience of his family and permits the various members of his family to drive it, his minor son driving the machine at his own pleasure, unaccompanied by any other member of the family, is nevertheless engaged in the father's business, and the father would be liable in damages for any injuries resulting from his negligence in driving said car."

"Instruction No. 12.

"The jury is instructed that if you find from a preponderance of the evidence that the defendant's son was permitted to use the automobile of the defendants, and was allowed to take the same out and use it,

and that he was driving the said automobile by the permission of the defendant, then the son was the agent of the defendant and the defendant would be liable for any injuries caused by the negligent acts of said son; and if you find that the defendant's son was negligent in this case, then, it would be your duty to return a verdict for the plaintiff."

By the weight of authority the doctrine of agency is not confined to merely commercial transactions, but extends to cases where the father maintains an automobile for family use, with a general authority, expressed or implied, that it may be used for the comfort, convenience, pleasure and entertainment of members of the owner's family. Jones v. Cook. (W. Va.) 111 S. E. 828; Kayser v. Van Nest, 125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N. S.) 970; Stowe v. Morris, 147 Ky. 386, 144 S. W. 52, 39 L. R. A. (N. S.) 224; McNeal v. McKain, 33 Okla. 449, 126 Pac. 742; Birch v. Abercrombie, 74 Wash. 486, 133 Pac. 1050, 50 L. R. A. (N. S.) 59; Smith v. Jordon, 211 Mass. 269, 97 N. E. 761; Griffin v. Russel, 144 Ga. 275, 87 S. E. 10; Dennison v. McNorton, 228 Fed. 401, 142 C. C. A. 631; Crittenden v. Murphy, 36 Cal. App. 803, 173 Pac. 595; Tyree v. Tudor, 181 N. C. 214, 106 S. E. 675; Davis v. Littlefield, 97 S. C. 171, 81 S. E. 487; Johnson v. Smith, 143 Minn. 350, 173 N. W. 675; Benton v. Regeser, 20 Ariz. 273, 179 Pac. 966; Boes v. Howell, 24 N. M. 142, 173 Pac. 966, L. R. A. 1918F, 288; Berry, Automobiles (3rd Ed.) sec. 1168.

On the part of this assignment of error which questions the instructions given by the court, it is sufficient to say that we have examined the instructions as a whole, and believe that they state the law applicable to the case.

The undisputed facts as disclosed in the record are: That on the night of the accident the son was conveying the father in the defendant's car to his place of destination; that the father gave his express permission and consent for the son to use the car for a specific purpose, and while the son was proceeding on his way to carry out that purpose, he negligently injured the plaintiff. Therefore the son was acting within the scope of his authority, and the doctrine of principal and agent applies.

"It is not essential that the agency established should be a business agency, or the service a remunerative service." Boling v. Ashbridge, 84 Okla. 280, 203 Pac. 894.

For the reasons stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.