## STUMPF et ux. v. MONTGOMERY.

No. 11841—Opinion Filed March 25, 1924.

Rehearing Denied April 22, 1923.

(Syllabus.)

**1. Parent and Child—Liability for Torts of Child—Basis.**

The liability of a parent for the tort of a minor child rests upon the same basic facts as the liability of a master for the acts of his servant.

**2. Same—Injuries from Automobile Driven by Child.**

In an action against the owner of an automobile to recover damages for an injury inflicted by the negligence of the minor child of such owner, in driving the automobile, the plaintiff is not entitled to recover, unless the injuries were the proximate result of the negligence of the driver and unless such driver was the agent or servant of the defendant and was at the time of the accident acting within the scope of his employment or agency.

**3. Master and Servant—Injuries by Servant while Driving Master's Car—Liability—Presumptions—Burden of Proof.**

Evidence of defendants' ownership of the car, coupled with proof that the driver was in his employment, raises the legal presumption that, at the time of the accident, the driver was acting for the owner and within the scope of his employment, and the burden of proof is then placed on the defendants to prove that, at the time of the accident, the driver was not acting for him, but was using the machine for his own purposes or outside the scope of the employment.

**4. Same—Car of Father Driven by Child.**

Proof that the defendant owned the car and that it was being driven by the child of the defendant, with his consent, at the time of the accident, is not sufficient to raise the presumption that the child was acting as the agent of the father and within the scope of his authority, thereby shifting the burden upon the father to prove the contrary. To do this would require the court to enforce one presumption upon another; to wit: (1) that the son was the agent of the father, and (2) that the agent was acting within the scope of his authority. A presumption must be based upon an evidentiary fact and not upon another presumption. Before the negligence of the child will be imputed to the father it is necessary to prove that the father was the owner of the car and that the relation of master and servant existed between the child and the parent, which proof raises a presumption that, at the time of the accident, the driver was acting for the parent and within the scope of his authority.

**5. Same — Evidence — "Presumption" and "Inference" Distinguished.**

The presumption above mentioned should not be confused with a mere inference, which is sometimes referred to as a presumption of fact. An inference is a permissible deduction from the evidence, and in dealing with inference the jury is at liberty to find the ultimate fact one way or the other as it may be impressed by the testimony, and the reasonable and permissible deductions therefrom. Inferences have no significance as to the duty of either party to produce evidence, and the jury may give to inferences whatever force or weight it thinks they are entitled to. A presumption in the true sense, that is, a legal presumption, is in its characteristic feature a rule of law laid down by the judge, and attaching to evidentiary facts certain procedural consequences as to the duty of production of other evidence by the opponent. If the opponent does offer evidence to the contrary the presumption disappears and the case stands upon the facts and the reasonable inferences to be drawn therefrom.

**6. Same—When Master Liable for Negligent Driving of Servant.**

Where a servant, with the master's consent, takes the latter's car and while using it for his own purposes, negligently injures a person, the master is not liable.

**7. Parent and Child—When Parent not Liable for Torts of Child—Automobiles.**

The owner of an automobile, who has purchased the same for the use and pleasure of himself and family, is not liable to third persons for injuries sustained in its operation by his daughter, in furtherance of her own business and pleasure, and the fact of special general permission to use the car is wholly immaterial.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by Alvis B. Montgomery, a minor, by next friend, against Julius M. Stumpf and wife. Judgment for plaintiff, and de-

fendants bring error.     Reversed and remanded.

Embry, Johnson & Tolbert, for plaintiffs in error.

Everest, Vaught & Brewer, for defendant in error.

COCHRAN, J.  This suit was brought by W. A. Montgomery as the next friend of Alvis B. Montgomery, a minor, to recover damages from Julius M. Sumpf and Mary Stumpf, for injuries received by Alvis B. Montgomery, on May 2, 1919, when he was struck by an automobile belonging to the plaintiffs in error and which was being driven by Jewel Stumpf, their daughter. Judgment was rendered for the plaintiff against both defendants for $6,500, from which judgment the defendants have appealed. The parties will be referred to herein as plaintiff and defendants, as they appeared in the trial court.

The question of liability on account of permitting an automobile to be driven by an immature and inexperienced driver was not involved in the case, but the case was tried upon the theory that Jewel Stumpf was operating the car as the agent of the defendants, and that she was driving the same within the scope of her authority as such agent at the time the injury was inflicted on the plaintiff. At the time of the accident, Jewel Stumpf, together with a girl friend, was driving the car along Classen Boulevard in Oklahoma City. At 22nd street she ran the car out of the street onto the parking, where the plaintiff was standing, thereby inflicting serious and permanent injuries on the plaintiff. There is no doubt about the negligence of the driver of the car in the operation of the automobile at the time of the accident, but in this case the plaintiff seeks to recover from the defendants, who were the owners of the car and the parents of the driver.

It is conceded that there is no liability on a parent, as such, for the tort of a child. Section 8041, Comp. Stat. 1921; Rawley v. Com. Cotton Oil Co., 88 Okla. 29, 211 Pac. 74. This liability of a parent for the act of a minor child rests upon the same basic facts as the liability of a master for the acts of his servant. It is contended by the defendants that the evidence in this case is insufficient to support the verdict and that a directed verdict should have been given by the trial court. The plaintiff presents the sufficiency of the evidence to support the verdict under two general heads, which we will follow in this opinion. The

case is first presented on the theory that there is sufficient evidence to establish the fact that the car was being driven by the agent of the defendants, acting under express authority and within the scope of that express authority, without resorting to the "family purpose doctrine" at all. In the second place, the "family purpose doctrine" is discussed, and it is insisted that the evidence is sufficient to establish liability by reason of the fact that the car was a family car and was being driven by a member of the family for her pleasure at the time of the accident.

The evidence of the plaintiff tended to prove that, shortly after the accident occurred, Jewel Stumpf, the driver of the car, made the following statement:

"Oh God!  If I have killed that boy, father will never let me drive the car again. My father sent me down to the shop after the car and told me to bring it home, and instead I went to Westwood."

The testimony of the plaintiff further tended to prove that Mrs. Stumpf stated to Doctor Harbison, in talking to him about the accident, that she had phoned for her daughter to bring the car out to the home. The testimony of Julius Stumpf and his daughter, Jewel Stumpf, was that the car was taken from the garage by the daughter without the knowledge or consent of either of the parents. The daughter testified that she took the car out of the garage and drove it home, expecting to trade it to her mother for another car, which she was permitted to drive, and after waiting some time for her mother to return home, and the mother failing to return, she took the car and started out to Westwood with a girl friend on a mission of her own. It is the contention of the defendant, Julius Stumpf, that the statement made by his daughter was inadmissible for the purpose of establishing that his daughter was acting as his agent in driving the car. On the part of the plaintiff it is contended that the testimony was admissible as part of the res gestae. Without passing on whether this statement was part of the res gestae and admissible as such, it may be conceded by us that the evidence was admissible and was sufficient to establish the fact that the car was taken out of the garage under the instruction of Julius Stumpf to take it to his home. It may also be conceded that the statements made by Mrs. Stumpf were sufficient to establish the fact that the car was taken out of the garage under instructions

from her to her daughter to bring the car to the home. In either case the authority given to the daughter was to take the car from the garage to the home, and there would be no liability unless at the time of the accident the driver of the car was acting within the scope of this authority. The uncontradicted evidence was that the car had been taken from the garage to the home and after the daughter had waited some time for her mother to return, she took the car for a drive out to Westwood, to the aviation field, for the purpose of viewing the flights at that place. There is no evidence in any manner tending to prove that Jewel Stumpf was taking the car to the family home at the time of the accident, and no testimony to contradict her testimony that she had already taken the car to the home and at the time of the accident was driving the same on a mission of pleasure for herself. It is well settled that, even though the driver of a car is a servant of the owner of the car, the owner is not liable, unless, at the time of the accident, the driver was acting within the scope of his authority, and in regard to his master's business. Burr v. Hull (Ala.) 75 South. 621; Daughtery v. Woodward (Ga. App.) 94 S. E. 336; Reynolds v. Buck (Iowa) 103 N. E. 946, Johnston v. Cornelius (Mich.) 159 N. W. 318; Wilds v. Pearson (Minn.) 168 N. W. 582; Woods v. Clements (Miss.) 74 South. 422; Bolman v. Bullene (Mo.) 200 S. W. 1068; Smith v. Burns (Ore.) 142 Pac. 352; King v. Smythe (Tenn.) 204 S. W. 296; McFarlane v. Winters (Utah) 155 Pac. 437; King v. Smith (Tenn.) 204 S. W. 296; McFarland v. Winters (Utah) 155 Pac. 437; Watkins v. Clark (Kan.) 176 Pac. 132; Knight v. Cossett (Kan.) 172 Pac. 533; Boling v. Asbridge, 84 Okla. 280, 203 Pac. 894.

It is insisted, however, that, the ownership of the car having been established, the presumption arises that the driver was the agent or servant of the owner and was acting within the scope of her authority at the time of the accident. This was the holding of this court in Boling v. Asbridge, 84 Okla. 280, 203 Pac. 894, where the court said:

"Since the plaintiff has suffered injuries from the negligent management of an automobile, it is sufficient prima facie evidence that the negligence was imputable to the defendant, to show that he was the owner of the car, without proving affirmatively that the person in charge was the defendant's servant."

This court in that opinion followed the rule announced in Hays v. Hogan (Mo. App.) 165 S. W. 1125, and what was stated to be the majority rule in Sherman & Redfield on Negligence (6th Ed.) vol. 1, sec. 158. Since this opinion was rendered the Supreme Court of Missouri overruled the decision of the Court of Appeals, and in the case of Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, Ann. Cas. 1918E, 1127, said:

"It is next insisted by the counsel for plaintiff that the ownership of the car by the father and that it was being driven by his son at the time of the injury with the former's consent raises a presumption that the latter was acting within the scope of his authority, and, therefore, the burden of proof rests upon the father to show the contrary. The vice of this insistence consists in assuming that the ownership of the car by the father and his consent of its use by the son constituted the latter his agent and servant, and therefore at the time of the injury the car of R. S. Hogan was being driven by his servant, J. E. Hogan. That is non sequitur. That sequence would no more follow in a case, where, if a member of this court should lend his car to a friend to drive to Fulton and while en route he should negligently run over and injure a third person. In both cases the agency would have to be first established, and then, and not until then, would the presumption arise that the son or friend was acting within the scope of his authority, and thereby shift the burden of proof upon the father. Moreover, if the insistence of counsel for plaintiff is correct, then the court would be required to enforce one presumption upon another, namely, first, that the son was the agent of the father, and, second, that the agent was acting within the scope of his authority. This is never done. A presumption must be based upon a fact, and not upon another inference or upon another presumption. Farnell v. Kansas City, etc., R. Co., 113 Mo. 570, 21 S. W. 1, 18 L. R. A. 599; Biglow v. Metropolitan St. R. Co., 48 Mo. App. 367; State v. Lackland, 136 Mo. 26, 37 S. W. 812; Glick v. Kansas City, etc., R. Co., 57 Mo. App. 97."

In Huddy on Automobiles (6th Ed.) page 867, the majority rule is stated as follows:

"In a majority of the jurisdictions passing upon the question, it is held that evidence of defendant's ownership of a motor vehicle, coupled with proof that the driver is in his regular employment, raises a presumption that at the time he is acting for the owner and within the scope of the owner's business. The burden is then placed on the defendant to show that at the time of the particular occasion the driver was not acting for him, but such driver was using the machine for his own purposes or outside of the scope of his employment."

It is our opinion that the rule announced in Boling v. Asbridge, supra, permits one presumption to be based upon another presumption and, to that extent, is in conflict with the other decisions of this court, and

that the opinion is hereby modified to the extent of holding that before the negligence of the driver of an automobile is imputed to the owner of the car, it is necessary to prove that the defendant was the owner of the car and that the relation of master and servant existed between the driver and the owner of the car, which proof raises a presumption that at the time of the accident the driver was acting for the owner and within the scope of his authority. In the instant case we have conceded that there was sufficient evidence to prove the relation of master and servant between the driver of the car and the defendants. This evidence, coupled with proof of ownership of the car, raised a presumption that the driver was acting within the scope of her authority as a servant of the defendants at the time of the accident. The record then presents this situation: Evidence on the part of the plaintiff establishing negligence of the driver and a presumption that the driver was acting for the defendants at the time of the accident without any testimony or circumstances showing or tending to show that the driver was acting within the scope of her authority at the time of the accident; and on the part of the defendants, testimony, which is uncontradicted, that the driver was not acting within the scope of her authority at the time of the injury. The plaintiff contends that this presents a question of fact for the determination of the jury, and, the jury having returned a verdict for the plaintiff, the same should not be disturbed by this court on appeal. Reference is made by the plaintiff to the case of Kramer v. Nichols Chandler Building & Brokerage Co., 93 Okla. 228, 220 Pac. 338, in which the court stated as follows:

"While no witness testified that the driver of the automobile was, at the time of the accident acting within the scope of the employment, we think that when the plaintiff proved the injury suffered by reason of the collision of his motorcycle and the automobile owned by the defendant corporation, and adduced evidence that the negligent management of the automobile was the proximate cause of the accident, and the injury suffered, sufficient to go to the jury, it was error for the court to instruct the jury to return a verdict for the defendant company."

The learned Commissioner in writing this opinion evidently overlooked the opinion in McCullough v. Harshman, decided June 12, 1923, 22 O. A. C. R. 287, rendered by the same division of the Supreme Court Commission, and in which the following language was used:

"But plaintiff insists in his brief that 'the mere ownership of the car raises the presumption that the driver was the agent of the owner.' This is true under the language of Justice Kane in Boling v. Asbridge, supra, but the presumption merely stands in lieu of proof of agency, and when the agency is clearly disproved by uncontroverted testimony, the presumption is overcome and dispelled, and no longer exists."

The rule announced in the Harshman Case is the true rule. A presumption cannot in itself possess probative weight, but merely necessitates evidence to meet the prima facie case which it creates. When evidence is introduced rebutting the presumption, the presumption disappears, leaving in evidence the basic facts which are to be weighed. U. S. v. Ross, 92 U. S. 281; Union Pacific Ry. Co. v. Bulis (Colo. App.) 39 Pac. 897; Ray v. Swain (Ga.) 96 S. E. 209; M. W. A. v. Kincheloe (Ind.) 93 N. E. 452; Chicago, etc., R. Co. v. Rhodes (Kan.) 168 Pac. 581; Potts v. Pardee (N. Y.) 116 N. E. 78; Nichols v. May. (Wash.) 137 Pac. 492; People v. Wun Sing Lung (Cal.) 84 Pac. 843; Cooper v. Upton (W. Va.) 64 S. E. 523; Maupin v. Salomer (Cal.) 183 Pac. 198; Haberson v. Blaine (Kan.) 168 Pac. 803; Valen v. Hessie Building Material Co. (Mo. App.) 211 S. W. 95.

The distinction between an inference, which is sometimes designated a presumption of fact, and a presumption of law is clearly stated in Wigmore on Evidence, sec. 2491, as follows:

"The distinction between presumption 'of law' and presumptions 'of fact' is in truth the difference between things that are in reality presumptions and things that are not presumptions at all. A presumption, as already noticed is in its characteristic feature, a rule of law laid down by the judge, attaching to one evidentiary fact certain procedural consequences as to the duty of production of other evidence by the opponent. It is based, in policy, upon the probative strength, as a matter of reasoning and inference, of the evidentiary fact; but the presumption is not the fact itself, nor the inference itself, but the legal consequence attached to it. But, the legal consequence being removed, the inference, as a matter of reasoning, may still remain; and a presumption of fact, in the loose sense, is merely an improper term for the rational potency, or probative value, of the evidentiary facts, regarded as not having this necessary legal consequence. They are in truth, but mere arguments,' and depend upon their own natural force and efficacy in generating belief or conviction in the mind. They have no significance so far as affects the duty of

one or the other party to procure evidence because there is no rule of law attached to them, and the jury may give to them such force or weight it thinks best, just as it may to other evidence. So long as the law attaches no legal consequences in the way of a duty upon the opponent to come forward with contrary evidence, there is no propriety in applying the term 'presumption' to such facts, however great this probative significance. The employment here of the term 'presumption' is due simply to historical usage, by which 'presumption' was originally a term equivalent, in one sense to inference, and the distinction between presumption of fact and of law was a mere borrowing of misapplied continental terms. There is in truth but one kind of presumption; and the term 'presumption of fact' should be discarded as useless and confusing. Nevertheless, it must be kept in mind that the peculiar effect of a presumption 'of law' is merely to invoke a rule of law compelling the jury to reach the conclusion in the absence of evidence to the contrary from the opponent. If the opponent does offer evidence to the contrary (sufficient to satisfy the judge's requirement of some evidence) a presumption disappears as a rule of law, and the case is in the judge's hands, free from any rule. It is therefore a fallacy to attribute an artificial probative force to a presumption, increasing for the jury the weight of the facts, even when the opponent has come forward with some evidence to the contrary."

In Mockowik v. K. C., etc., Ry. Co. (Mo.) 256, it is said:

"Presumptions, as happily stated by a scholarly counselor, 'ore tenus' in another case, 'may be looked on as the bats of the law' flitting in the twilight, but disappearing in the sunshine of actual facts."

The presumption, with which we are here dealing, is a legal presumption, as distinguished from an inference or presumption of fact. Its existence imposed on the party, against whom it was invoked, the duty to offer evidence as to the facts. In the absence of such evidence the jury would have been compelled to reach a conclusion in accordance with such presumption, but the party against whom the presumption was invoked having offered evidence to the contrary, the presumption disappeared, and it was then necessary to determine the case in accordance with the facts and the reasonable inference to be drawn therefrom, without regard to the legal presumption, which had existed prior to the introduction of the evidence as to the particular fact covered by the presumption. In the instant case it cannot be said that the reasonable inference to be drawn from proof of ownership of a car and that it was being driven by a servant or agent of the owner is that the servant or agent, at the time of the accident, was acting within the scope of her authority.

In the syllabus in the case of Kramer v. Nichols Chandler Building & Brokerage Co., supra, there is no law announced in conflict with the Harshman Case, or the views herein expressed, but it does appear that the last paragraph of the opinion is in conflict therewith, and to that extent we decline to follow that opinion. This conclusion is not in conflict with Boling v. Asbridge, 84 Okla. 280, 203 Pac. 894, as the court found in that case that the facts were not sufficient to overcome the presumption, but were sufficient to go to the jury and be weighed by the jury. In the instant case, however, there was no controversy in regard to the facts, and the testimony introduced by the defendants was not inherently improbable. We conclude, therefore, that there was no testimony to submit to the jury on this question.

This brings us to a consideration of the plaintiff's second contention, to wit: That the car which was driven by Jewel Stumpf was a family car kept for the pleasure and convenience of the members of the family, and was being used for that purpose at the time of the accident. In Boling v. Asbridge, supra, the court said:

"It is not essential that the agency established should be a business agency or the service a remunerative service."

The first material question for consideration is, whether the use of a car which is kept for the family and used by the members of the family is a use of the car in the business of the owner. A consideration of this question naturally divides itself in a consideration of those cases where the car is being driven by one member of the family and contains other members of the family, or a guest of the family, and those cases where the car is driven by a member of the family for his own pleasure and not accompanied by any other member of the family, or any guest of the family. The general rule which has been adopted by most courts in regard to the first class of cases is stated in Huddy on Automobiles (6th Ed.) sec. 659, as follows:

"Where an automobile was purchased for the pleasure of the owner's family, it is not essential that he be enjoying the journey when an injury is occasioned to another traveler from the negligent operation of the machine. The owner is liable for the neg-

ligence of his child or other member of the family who is driving the car for the convenience or pleasure of other members of the family. The 'business' of the owner in such case is the furnishing of pleasure to his family, and the driver is acting for him in the scope of his 'business' when he is driving the machine for such purpose."

This rule was adopted by this court in McNeal v. McKain, 33 Okla. 449, 126 Pac. 742, and it was stated in the syllabus as follows:

"A father bought an automobile for the pleasure and comfort of himself and family; his minor son, who was a member of his family, being authorized to use it at any time for such purpose. The son in taking it out for the pleasure of himself and sister, with a friend, who was a guest of the father's family, was a servant or agent of the father in taking his sister and the guest of the family driving therein, and was not performing a service independent of his father, but the business of his father, making the father liable for his negligence in driving it."

Since the testimony in this case shows that no other member of the family or any guest of the family was in the car at the time of the accident, it is unnecessary to consider the above rule or the soundness thereof, but we will pass to a consideration of the second class of cases. In some states it has been held that when an automobile is procured for the pleasure and entertainment of the members of his family, the "business" of the owner is the running of the machine for their purpose, and the operation of the machine by a member of the family is deemed within the scope of the owner's business, though the operator is not taking other members of the family on a trip, but is using it for the pleasure of himself and his own friends. On the other hand, in some jurisdictions it is held that, when a child or other member of an owner's family uses such a vehicle solely for his own purposes or for the entertainment of his own friends, the machine is not being used in the scope of the owner's business. Huddy on Automobiles (6th Ed.) sec. 660.

The plaintiff contends that this court has followed the jurisdictions holding that such act is within the scope of the authority of the father's business. In the case of Dillingham v. Teeter, 91 Okla. 165, 216 Pac. 463, the father had given express permission to his son to use the car for a specific personal pleasure trip of the son, and the opinion apparently is not based upon the principle of law contended for by the plaintiff here, but was decided on the theory that

specific authority was given the son to do the particular thing which he did do and the accident happened while he was operating the car within the scope of the permission. This is disclosed by the language of the opinion as follows:

"The undisputed facts as disclosed in the record are: That on the night of the accident the son was conveying the father in the defendant's car to his place of designation; that the father gave his express permission and consent for the son to use the car for a specific purpose, and while the son was proceeding on his way to carry out that purpose, he negligently injured the plaintiff. Therefore the son was acting within the scope of his authority, and the doctrine of principal and agent applies."

The opinion in that case has no application to the material question now under consideration, but, in passing, we desire to say that the conclusion reached in the Dillingham v. Teeter Case was based upon the assumption that the relation of master and servant existed in that case, whereas the facts disclosed that no such relation existed. The fact that the father gave his specific consent for the son to use the car for a specific purpose of the son did not render the son the agent or servant of the father in the use of the car, and the son was acting for himself and not for his father. In order to make the father liable, it was necessary that the relation of master and servant exist and that the accident occurred within the scope of the employment or agency. In that case the first essential was lacking, and the fact that the accident happened while the car was being used within the scope of the permission given to the son by the father did not create any liability. In Hays v. Hogan (Mo.) 200 S. W. 286, it was said:

"The reports are full of cases holding that where a servant, even with the master's consent, takes the latter's car, and while using it for his own purposes negligently injures a person thereby, the master is not liable."

And there follows citations of numerous authorities.

In McCullough v. Harshman, supra, the court said:

"A parent, as such, is not liable for the negligence of a child in handling an instrument furnished by the parent where the instrument is not per se dangerous, unless at the time of the act complained of the child was engaged in the pursuit of some purpose incident to the business of the father. 'Business,' as here used, includes the pleasure, comfort, and convenience of the father's family."

In the body of the opinion the court said:

"In McNeal v. McKain, supra, this court expressly refused to approve the Missouri rule announced in the case of Daily v. Maxwell (Mo.) 133 S. W. 351, which went to the extent of fixing liability on a father for the use of the family automobile by the son for his own purposes and pleasure. And the Supreme Court of Missouri has since repudiated that doctrine and overruled the Daily Case in the case of Hays v. Hogan (Mo.) 200 S. W. 286. In speaking of the doctrine of the Daily Case that court says:

"'But the doctrine, we think, has no firm foundation in reason or common sense. In theory it overlooks the well-settled principles of law: in practice it would interdict the father's generosity, and his reasonable care for the pleasure or even the well-being of his children by imposing a universal responsibility for their acts'."

After citing numerous other cases, the court concluded:

"It is therefore concluded that it would be unwarranted to extend the rule announced in the case of McNeal v. McKain, supra, to the state of facts shown by this record, and that the refusal of the trial court to direct a verdict for the defendant, S. D. McCullough, was prejudicially erroneous."

The court then states that the conclusion reached is not in conflict with Dillingham v. Teeter, supra, and in that respect harmonizes with the views which we have expressed with regard to that case, but, although it is not in conflict with that case, Dillingham v. Teeter held the owner of the car liable without proof that the driver was the agent of the owner.

Attorneys for the plaintiff insist there is no reason for making a distinction between cases where a child is driving the father's car with other members of the family in the car for the pleasure of them and where the car is being driven by the child for his own pleasure. A distinction has been made, and we are of the opinion that the correct rule is stated in Watkins v. Clark (Kan.) 176 Pac. 131, in the following language:

"The purchase of the automobile by the defendant for the use of his family, including his daughter, operated as a gift to them of the right to use it. When using it to accomplish his purposes, whether business or pleasure, they represent him, but when they exercise their privilege and use it to accomplish their own distinct purposes, whether business or pleasure, they act for themselves, and they are alone responsible for their negligent conduct. The fact that the automobile was purchased for use by the owner's family did not make him generally responsible for its subsequent operation, and because the car was subject to appropriation by the members of his family for their own use, there is no presumption that any particular trip was made in his behalf. The use made of the car on any particular occasion is a question of fact, to be determined by evidence showing the fact, and in this instance there was no evidence that anybody was concerned except the daughter."

The liability in each case must be determined according to whether the driver was about the owner's business at the time the accident occurred, and it cannot be said that there is any liability resting upon a parent who has furnished the car for the use of a child when the car is being driven at the time of the accident by the child for her own pleasure and not connected with any business of the father. It is stretching the law too much to say that the operation of the car under these circumstances is on business of the father. The view expressed by us finds support in the following cases: Parker v. Wilson (Ala.) 60 South. 151; Spence v. Fisher (Cal.) 193 Pac. 255; Bastain v. Cannon (Del.) 116 Atl. 209; Smith v. Weaver (Ind.) 125 N. E. 503; Watkins v. Clark (Kan.) 176 Pac. 131; Pratt v. Clouthier (Me.) 110 Atl. 353; Myers v. Shipley (Md.) 116 Atl. 645; McGowan v. Longwood (Mass.) 136 N. E. 72; Loehr v. Abell (Mich.) 140 N. W. 926; Woods v. Clements (Miss.) 74 South. 422; Hays v. Hogan (Mo.) 200 S. W. 288; Clawsan v. Schroder (Mont.) 208 Pac. 925; Doran v. Thomsen (N. J.) 71 Atl. 296; Danforth v. Fisher (N. H.), 71 Atl. 535; Maher v. Benedict, 108 N. Y. Supp. 288; Linville v. Nisson (N. C.) 77 S. E. 1096; Elms v. Flick (Ohio) 126 N. E. 66; McFarlane v. Winters (Utah) 155 Pac. 437; Blair v. Broadwater (Va.) 96 S. E. 634; McCullough v. Harshman (Okla.) 22 Okla. App. Ct. Rep. 287.

It is our opinion that the evidence in this case was insufficient to support the verdict in favor of the plaintiff, and the cause should be reversed and remanded, with directions to grant a new trial, and it is so ordered.

JOHNSON, C. J., and NICHOLSON, MASON, and WARREN, JJ., concur.