OKLAHOMA CITY CONSTRUCTION CO. *et al.* v.
ONNO PEPPARD.

No. 3339.   Opinion Filed April 14, 1914.

Rehearing Denied June 16, 1914.

1.   **MASTER AND SERVANT**—What Constitutes—Building Contracts.
Where a contractor undertakes in general terms to do work
and the employer reserves the power to direct what shall be done
and how it shall be done, the latter is the principal or master and
is liable for the negligence of the former while constructing the
work by which the plaintiff is injured.  The principal or master
is liable for the acts and negligence of his agent or servant in
the course of his employment, although he did not know of or au-
thorize the particular acts complained of.

2.   **SAME**—Liability—Burden of Proof.  Every person who is found
performing the work of another is presumed to be in the em-
ployment of the person whose work is being done, and if the
facts be such as to exempt the owner of the property improved,
or the persons for whom the work is being performed, from lia-
bility for the acts of those performing such work, it devolves
upon him who claims such exemption to make proof of the terms
of the contract showing that the relation of master and servant
did not exist.

3.   **APPEAL AND ERROR**—Instructions.  Record examined and held,
that no reversible error was committed by the trial court by giv-
ing or refusing to give instructions.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*John J. Carney, Judge.*

Action by Onno Peppard against Oklahoma Construction
Company and W. B. Skirvin.  Judgment for plaintiff, and de-
fendants bring error.  Affirmed.

*J: S. Ross* and *Snyder, Owen & Lybrand,* for plaintiffs in
error.

*Harris & Nowlin,* for defendant in error.

KANE, J.  This was an action commenced by the defend-
ant in error, plaintiff below, against the plaintiffs in error, de-
fendants below, to recover damages for the wrongful death of

her husband, who was killed by falling from a scaffold while engaged in working as a bricklayer upon the Skirvin hotel during its construction. The defendants answered separately. The answer of the Oklahoma City Construction Company admits its incorporation, and that at the time the injury was inflicted upon the deceased it was engaged in the erection of the Skirvin hotel, and that the deceased was in its employ; and further, in effect, alleges (1) that if there was anything unsafe or insecure in the construction of said scaffold, or the appliances connected therewith, which caused or contributed to the happening of the accident complained of, it was due entirely to the negligence of the the deceased's fellow servants; (2) that the deceased at the time he entered its employment assumed all the risks and dangers ordinarily incident to such occupation, and that one of the risks incident to the employment in which he was engaged at the time of the happening of the accident alleged, was the risk of injury from the falling of the scaffold; (3) that the deceased carelessly and negligently failed to use or exercise ordinary or reasonable care for his own safety and protection; (4) that if there was any negligence on the part of the servants which contributed to or caused the accident complained of, other than that of the deceased himself, said servants who were guilty of said negligence were fellow servants of the deceased.

The answer of the defendant Skirvin admits that he is now, and was at the time mentioned in the plaintiff's petition, the owner of what is known as the Skirvin Hotel building, and the lots on which it is situated in Oklahoma City. In other respects, his answer in effect is the same as the Oklahoma City Construction Company's answer, except that it contains an allegation to the effect that the Oklahoma City Construction Company was an independent contractor. Upon trial to a jury there was a verdict for the plaintiff in the sum of $12,000, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

The grounds for reversal, as stated by counsel for plaintiffs in error in their brief, are (1) that the evidence establishes the fact beyond serious controversy that the Oklahoma City Con-

struction Company was an independent contractor, and was solely responsible for the conditions which obtained on this building during its construction; (2) instruction No. 3 offered by plaintiffs in error should have been given without modification; and (3) it was error to give instruction No. 5 given by the court. We think the evidence is sufficient to establish the relation of principal and agent, or master and servant, between the defendants. The record discloses that the defendant Skirvin, the owner, and the construction company entered into a written contract which, no doubt, specifically defines their legal relations to each other, and that counsel for some reason preferred to have the relationship shown by parol evidence. While Mr. Shenk, the president of the construction company, was being examined by counsel for plaintiff as to the relation existing between his company and Mr. Skirvin, the owner of the hotel, one of the counsel for the defendants asked leave to ask the witness a question, whereupon the following occurred:

"Q. Were your relations set down in a written contract? A. Yes, sir. Mr. Snyder: We object to the testimony. Mr. Harris: If this objection is on the ground that the questions do not call for the best evidence because there was a written contract in evidence, but we do not think counsel will want to insist upon his objection:—If so, however, we will wish to offer the written contract in evidence. Mr. Snyder (after consultation with Mr. Rose): We withdraw the objection."

Thereafter, without further objection, parol evidence was introduced to the effect that Mr. Skirvin was the owner of, and caused to be erected upon lots owned by him, a certain hotel building, known as the Skirvin Hotel; that the Oklahoma City Construction Company was erecting said building for Mr. Skirvin, and that the deceased, the husband of plaintiff, was employed as a bricklayer in the construction of said building; that Mr. Skirvin himself made the contract for the brick work in the building. The direct examination of the president of the construction company closed as follows:

"Q. From the time that building was commenced until it was finished, I will ask you to state whether or not the authority of Mr. Skirvin was not exercised and recognized there on everything that he exercised or sought to exercise authority

over?   A. Yes, sir.   Q. His word was the law on that build-ing, wasn't it?   A. Yes, sir."

This evidence, and much more to the same effect which was entirely uncontradicted, was amply sufficient to take the case to the jury on the question of whether the construction company was an independent contractor, or the servant or agent of the owner.   The rule seems to be well settled that where a contractor undertakes in general terms to do the work and the employer reserves the power to direct what shall be done and how it shall be done, the latter is the principal or master and is liable for the negligence of the former while constructing the work by which the employee is injured.   And the principal or master is liable for the acts and negligence of his agent or servant in the course of his employment although he did not authorize or know of the particular acts complained of.   *Derr Construction Co. v. Gelruth,* 29 Okla. 538, 120 Pac. 253; *Railroad Co. v. Hanning,* 15 Wallace, 649; *Singer Mfg. Co. v. Rahn,* 132 U. S. 518; *DePalma et al. v. Weinman et al.,* 15 N. M. 68.   Moreover, the mere fact that the construction company was engaged in the construction of the building for Mr. Skirvin, the owner, which was admitted both by the pleadings and the evidence, would have been sufficient to create a presumption that the relationship of master and servant existed.   *Taylor, B. & H. Ry. Co. v. Warner* (Texas) 32 S. W. 868; *Burton v. Railway Co.,* 61 Tex. 526; *Norris v. Kohler,* 41 N. Y. 42.   In the first case the rule is stated as follows:

"Every person who is found performing the work of an-other is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the persons for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract, show-ing that the relation of master and servant did not exist."

Whilst one of the defenses of the defendant Skirvin was that the construction company was an independent contractor, no serious effort seems to have been made during the trial to estab-lish the same.   His counsel waived the introduction in evidence of the contract, which would have been conclusive on that point,

and failed to introduce it himself, presumably for the reason that it would be unfavorable to his contention. *Moore v. Adams et al.,* 26 Okla. 48, 108 Pac. 392. In our judgment it would have been entirely proper for the court to have instructed the jury that the construction company was not an independent contractor, as a matter of law; but as the question was submitted to the jury, and the jury reached the right conclusion in the premises, the defendants could not have been injured thereby. The same may be said of the first complaint we find in relation to the action of the court in the matter of instructions. Counsel say:

"By a careful examination of the instructions which were given, none will be found which properly recites the conditions or circumstances under which the jury could determine, as a matter of fact, what connection Skirvin had with the construction of this building."

Assuming this to be so, yet, as the uncontradicted evidence conclusively establishes the relation of principal and agent, the finding of the jury to that effect could not injuriously affect any substantial right of the defendant Skirvin. In such circumstances the instruction given by the court on that question was sufficient.

The next assignment of error is that instruction No. 3 offered should have been given without any modification. The record shows that this instruction was requested by the defendant and "given as modified," but we are unable to gather therefrom in what particular it was modified. The instruction, as given, however, seems to be substantially correct.

On the whole, we are convinced that the record is free from any reversible error. The case was unusually well tried for both sides and the trial was not only conducted according to the forms of law, but the verdict returned is amply supported by the evidence and is in accordance with right and justice.

The judgment of the court below is therefore affirmed.

All the Justices concur.