SCHAFF, Rec., v. FERRY, Adm'x.

No. 15433—Opinion Filed Jan. 2, 1925.

1. **Death — Negligence — Proof by Circumstantial Evidence.**

In an action in damages for wrongful death, the negligence alleged may be established by circumstantial evidence, but the circumstances must be proved and not themselves presumed.

2. **Evidence—Presumption of Fact—Inference Cannot Become Circumstance.**

Although a presumption of fact may arise from a proven circumstance in such case, such presumption cannot become a circumstance in the proof as the basis for another presumption.

3. **Negligence — Causal Connection — Inference on Inference.**

Since the alleged negligence must be the proximate cause of the injury in order to justify recovery, the causal relation between the alleged negligence and the injury cannot be established by an inference based on an inference.

4. **Same—Insufficiency of Evidence.**

Record examined, and held, that the evidence fails to establish the causal relation between the alleged negligence and the injury.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by Geneva F. Ferry, administratrix of the estate of Elvie L. Ferry, against Charles E. Schaff, receiver of the properties of the Missouri, K. & T. R. Company. From a judgment for plaintiff, defendant appeals. Reversed.

M. D. Green and H. L. Smith, for plaintiff in error.

Robinett & Ford, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Plaintiff sued Charles E. Schaff, receiver of the properties of the M., K. & T. Ry. Company for $100,000 damages for the death of her husband. She alleged that deceased was on top of a box car attempting to set the hand brake, but that on account of the defective condition of the brake, he was unable to check the speed of the box car, and as a result thereof, it and another box car to which it was attached, struck two other cars with great force and violence, causing deceased to lose his balance and fall to the track below, where he was killed by the wheels of the car on which he was riding. She alleged in detail the defective condition of the brake. Defendant set up the usual defenses in such case. Judgment was for plaintiff on verdict of jury, for $10,000, from which defendant appeals.

The only assignments of error necessary to be noticed are argued under the proposition that plaintiff failed to make a case, and that, therefore, the court erred in overruling defendant's demurrer to the evidence. Although there is some testimony in the record that the brake was not defective, there is ample testimony to the contrary, to carry the case to the jury in this behalf. It inheres in the verdict that the brake was defective. It is well settled that although the brake may have been defective, due to defendant's negligence, yet, unless the negligence so shown was the proximate cause of the death, no recovery can be had. St. L. & S. F. R. Co. v. Hess, 34 Okla. 615, 126 Pac. 760; Patton v. Tex. & P. R. Co., 179 U. S. 658, 45 L. Ed. 361; A., T. & S. F. Ry. Co. v. Swearingen, 239 U. S. 339, 60 L. Ed. 317. It is competent to prove negligence as any other fact, by circumstantial evidence, but in such case, the circumstances must be such as reasonably to lead up to and establish the fact sought to be proved. M., K. & T. Ry. Co. v. Greenwood (Tex. Civ. App.) 89 S. W. 810. It is elementary law that an in-

ference of fact cannot be based on another inference; that a presumption cannot be based on another presumption. No inference of fact or of law is reliable that is drawn from premises which are uncertain. Whenever circumstantial evidence is relied upon to prove a fact, the circumstance must be proved and not themselves presumed. As stated in U. S. v. Ross, 92 U. S. 281, 23 L. Ed. 707 (quoting from Starkie on Ev. p. 80):

"In the first place, as the very foundation of indirect evidence is the establishment of one or more facts from which the inference is sought to be made, the law requires that the latter should be established by direct evidence as if they were the very facts in issue."

It is also there said:

"The law requires an open, visible connection between the principal and evidentiary facts and the deductions from them, and does not permit a decision to be made on remote inferences. Best on Ev. 95. A presumption which the jury is to make is not a circumstance in proof; and it is not, therefore, a legitimate foundation for a presumption."

There must be a visible connection between the fact out of which the first presumption arises and the fact sought to be established by the dependent presumption. A., T. & S. F. Ry. Co. v. De Sedillo (C. C. A. 8th Cir.) 219 Fed. 686. Many authorities may be cited thereto. That the burden was on plaintiff to establish affirmatively the causal connection between the alleged negligence—defective brake—and the death of her husband, is also elementary. It is not sufficient for plaintiff to show that the alleged negligence of defendant may have caused the death, but plaintiff was bound to produce the quantum of evidence required in a civil case, that the negligence of defendant did cause the death. See cases last cited, supra. As stated in Labatt's Master & Servant (2nd Ed.) vol. 4, sec. 1604, plaintiff cannot recover where it is merely a matter of conjecture, surmise, speculation, or suspicion whether the death was or was not due to the alleged negligence of defendant.

There was no eye witness to the accident. The record shows that C. H. Roberts was a member of the switching crew of which deceased was foreman; that they had been switching in the yards at Osage, Okla., which yards consisted of 13 switch tracks; that deceased was handling the switch list and in charge of the crew; that deceased met his death in the latter part of the night and was last seen by Roberts on the lead

track and near a highway crossing about 40 feet north of the switch stand for track No. 6; that at that time deceased was handling switches and giving signals: that Roberts had placed two cars on track No. 6, setting the brakes on each; that about 20 minutes thereafter, Roberts observed the two cars, he had thus set, with two other cars that had been shunted in on track No. 6, all coupled and moving further southward, which four cars, in some manner not disclosed, Roberts stopped; that he found deceased's lantern on top of the north car in the south corner of the right hand side, in the grab irons; that he found blood on the second wheel of the front truck and on the third and fourth wheels of the rear truck on the right side of said north car, and noticed that dust had been rubbed off the south wheel of this car; that thereafter he found the mutilated body of deceased on the track north of where he had stopped the four cars. From the circumstance that the lantern of deceased was as stated, his body mangled on the track, dust mark on the right front wheel of the car, and blood on the second, third, and fourth right wheels of the same car, it may be reasonably inferred that deceased was on top of said car and fell forward therefrom to his death. This is a logical inference from sufficiently proven circumstances. It is, however, only an inference—no one saw him approaching, climbing, or on top of, said car prior to the accident. The said circumstances constitute the terminus a quo on which the causal connection between the defective brake and the death is predicated. Assuming that the hand brake was defective as alleged, there is no fact or circumstance in the evidence to show that deceased undertook to operate it or even placed his hands thereon. The defective brake could not have proximately caused the death as alleged, unless deceased was attempting to operate same and, because of the defects, was unable to do so, from which he was unable to check the speed of the car, from which a great impact resulted when said cars struck those standing still and tied down by Roberts, and from which deceased lost his equilibrium and fell to his death. Here is an hiatus—an absent link—in the chain of evidence. The presumption that deceased exercised due care for his own safety and that he was on the car in line of his duty to use the brake, does not supply the absent evidence or circumstance. While it is ordinarily for the jury to determine whether the alleged negligence was the proximate cause of the injury where the evidence is conflicting, or

reasonable men might differ—St. Louis & S. F. R. Co. v. Darnell, Admr'x, 42 Okla. 394, 141 Pac. 785—the rule has no application where there is no competent evidence on that issue. In finding, as the jury did, a causal relation between the defective brake and the death, the jury indulged the inference that deceased, being on top of the car, went to the brake and attempted to operate same. There is nothing to base this inference on except the said legitimate inference that deceased was on top of the car, and being an inference upon an inference, was not permissible. One might as well infer that deceased, being on top of said car, fell headlong by accident, or from his own physical infirmity, or from other cause, without even touching said hand brake, thus involving the assumption of risk for which the defendant would not be liable. Thus, the immediate or proximate cause of the death was a matter of guess, conjecture, or speculation. The death could have been caused as alleged, but it was for plaintiff to show, by some evidence — not that it might have so transpired—but that it did so transpire. It is unnecessary to discuss other possible inferences indulged by the jury in arriving at the verdict. Perhaps there is not in human affairs any calling more hazardous to life and limb than that of brakeman. The widow and family, including one posthumous child, bereft, by the tragedy, of their support, and lonely for consolation, appeal peculiarly to one's sympathy. Perhaps that good day may come wherein society will provide for compensation in some manner. The law is powerless in this case to afford relief against the defendant. The court should have sustained the demurrer to the evidence.

Let the judgment be reversed, with directions to grant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 17 C. J. p. 1310; (2) 22 C. J. p. 85; (3) 29 Cyc. p. 624; (4) 29 Cyc p. 625, 26 Cyc p. 1442.