## CHICAGO, R. I. & P. RY. CO. v. ANDERSON.

No. 18353.   Opinion Filed March 18, 1930.

Rehearing Denied April 15, 1930.

W. R. Bleakmore, John Barry, and A. T. Boys, for plaintiff in error.

Pruett & Wamsley, for defendant in error.

HEFNER, J.   Lester Anderson, twelve years of age, was killed September 20, 1925, on the right of way of the defendant railroad company, just east of Ft. Cobb in Caddo county, Okla. and W. H. Anderson, his father, brought this action for damages against the defendant railroad company and alleged that the death of his son was caused by the negligence of the defendant. The defendant requested a peremptory instruction, directing the jury to return a verdict for the defendant. The requested instruction was overruled, the cause submitted to the jury, and the jury returned a verdict in favor of plaintiff in the sum of $2,950, and a judgment was entered in favor of plaintiff for that sum. The case is here for review and it is urged that the court committed error in refusing to instruct the jury to return a verdict for the defendant.

The requested instruction raised the question of whether or not there was any evidence of primary negligence offered by plaintiff. The facts and circumstances established by the evidence are substantially as follows:

The right of way of the railroad was 200 feet wide. The section foreman had permitted people to graze their stock on the right of way in 1924 and 1925 during grass season. The deceased was probably watching his father's cow tethered to the north

right of way fence. The track was straight and the view unobstructed. The accident occurred about noon. The boy was dressed in blue overalls and a white shirt. The engine cab was about ten feet above the surface of the rails. The body of the deceased was found about six feet from the north rail. The deceased was struck on the head, and the attorneys for plaintiff, in their response to the petition for rehearing, say: "The boy was evidently not on the track, as his body was not mangled, but near enough to the track that some part of the train hit him on the head." The train ran its length before stopping. The customary place of the engineer was in the cab, on the north side. The boy was last seen on the right of way, but not on the track, about one hour before the accident. After the train had gone by the conductor shouted and inquired if anyone had missed a little boy. The train schedule from Anadarko to Ft. Cobb was 40 minutes. The train could have been stopped in about 100 yards. There is no evidence that the boy was on the track, or that he was seen by any of the train crew before the accident happened.

The accident did not happen at a railroad crossing, nor at any place used by the public, other than the fact that people were permitted by the section foreman to graze stock on the right of way during grass season. Whether or not the section foreman had authority to grant this permission and, if he did have such authority, whether or not the facts were such as to constitute the deceased an invitee, will not be decided herein. Without deciding that question, however, for the purpose of this case we are assuming that the deceased was an invitee, and that it was the duty of the defendant to keep a lookout for him.

The evidence is sufficient to establish the fact that the train could have been stopped within 300 feet. Under these circumstances, if the plaintiff had proven, as a primary fact, that the deceased was on the track, or in such close proximity thereto that he was in a position of peril, 300 feet, or more, in front of the engine, then it would have been the duty of the train crew to stop the train, because under the evidence they could have done so within the 300 feet. They would have been guilty of negligence in not doing so. That fact, however, was not proven, and we cannot presume it was a fact.

It is true that negligence may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom, but the circumstances upon which the inference of negligence is established must be proven as primary facts. The very foundation of indirect evidence is the establishment of one or more facts from which the inference is sought to be made. The law requires that the basic facts should be established by direct evidence, as if they were the very facts in issue. U. S. v. Ross, 92 U. S. 281, 23 L. Ed. 707; Schaff v. Ferry, 105 Okla. 259, 232 Pac. 407; Carter Oil Co. v. Independent Torpedo Co., 107 Okla. 209, 232 Pac. 419.

In the case of C., M. & St. P. Ry. Co. v. Coogan, 271 U. S. 472, 70 L. Ed. 1041, the Supreme Court of the United States, speaking through Mr. Justice Butler, said:

"Whenever circumstantial evidence is relied on to prove a fact, the circumstances must be proved, and not themselves presumed."

There is no direct evidence that the deceased was killed by defendant's train. The facts are such, however, that we may presume that to be the case. We cannot presume, however, that the deceased was on the track, or in a position of peril, far enough ahead of the engine for the engineer to have seen him in time to stop the train. That fact must be proved as a primary fact. If that had been proved as a primary fact, then it would have been the duty of the train crew to stop the train, and if they did not do so, since we are assuming that the deceased was an invitee, the evidence would have been sufficient to show negligence, because under such circumstances it would have been the duty of defendant to protect the deceased from injury.

Since we have assumed the deceased was an invitee, it was the duty of the defendant company to keep a lookout for him. Before the plaintiff could have recovered it was necessary for him to show, first, a duty on the part of the railroad company to have protected the deceased from injury; second, failure of the defendant to perform that duty; and third, that the injury resulted from such failure.

The evidence does not disclose how the accident happened, nor what part of the train struck the deceased. It is clear he was not on the track, because the body was not mangled. The deceased may have suddenly gotten himself in a position of peril and at a time when the accident could not have been prevented by the train crew. The evidence, as disclosed by the record, does not affirmatively show that the deceased was in a position of peril at such

a time and place that the accident could have been prevented by the train crew.

Since we are assuming the deceased was an invitee, it was the duty of the railroad company to keep a lookout for him, and we do not hold that it was necessary for the plaintiff to prove that some member of the train crew saw him in time to prevent the accident, but we do hold that it was necessary for the plaintiff to prove that the deceased was in a position of peril at such a time and place that it was the duty of some member of the train crew to see him in time to prevent the injury. Since this was not done, it was the duty of the trial court to instruct the jury to return a verdict for the defendant. The judgment is reversed, and the case remanded, with directions to grant a new trial and to take such further action as may be proper and not inconsistent with the views herein expressed.

MASON, C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur.