**ELLIS & LEWIS, Inc., v. TRIMBLE.**

No. 27955. March 15, 1938.

Rehearing Denied April 5, 1938.

Hudson & Hudson, for plaintiff in error.

McCollum & McCollum and C. E. Thomas, for defendant in error.

CORN, J. This is an appeal from a judgment rendered in the district court of Pawnee county, in an action by Alfred Trimble, by his father as guardian. Reference will be made to the parties as in the trial court.

The defendant corporation was engaged in constructing a highway in Pawnee county. Construction materials were stored at Hallett, from which place they were hauled to points on the highway as was necessary.

Plaintiff's petition alleged that he was struck and injured by a truck driven by one Phillips, and that Phillips was the agent, servant, or employee of the defendant, who was therefore liable for the injuries sustained.

The defendant defended the action on the ground that Phillips was an independent contractor in performing these services, making a general and specific denial of the alleged agency.

The plaintiff proved that Phillips was hauling material for the defendant, in fact, this was admitted, and relied upon the presumption of agency said to arise therefrom (Oklahoma City Const. Co. v. Peppard, 43 Okla. 121, 140 P. 1084, as construed in the former opinion) to carry the issue to the jury and shift the burden of proof upon that issue to the defendant.

At the close of the evidence, plaintiff's attorney announced that there was certain testimony available to refute the defense of independent contractor if the issue was in the case. Attorney for defendant then stated that it was the defendant's contention that the burden was upon the plaintiff to prove the agency and that Phillips was not an independent contractor. In relation to this the following proceedings were then had before the court:

"The Court: Make the record now. Mr. McCollum: It is stipulated and agreed that the— Mr. Hudson:—that the questions asked the witness Phillips, and the answers given thereto on cross-examination, were asked by counsel for the purpose of developing the question of the speed at which the truck was traveling, and were not asked for the purpose of shedding any light at all upon any question of whether the witness Phillips was a servant or independent contractor, and it is stipulated that the questions asked and the answers given may be considered only as touching upon the question of speed, and shall not be considered as any evidence upon the question of the relation of Phillips and the defendant. Mr. McCollum: That is right. The Court: I don't remember exactly what was asked. Mr. Hudson: I asked nothing bearing upon the question of independent contractor. The Court: You are trying it solely upon the theory that the burden is upon them to prove that he was not an independent contractor? Mr. Hudson: Yes, sir, that the relation of agency existed before they can hold us liable, that they have got the burden of proving that."

Both parties then rested without offering any rebuttal, and defendant's attorney demurred to the evidence and asked for a directed verdict upon the ground that there was no evidence showing Phillips was an agent or servant, and because there was no evidence from which a legitimate inference could be drawn that agency existed, or no facts proved upon which a presumption could be based. The demurrer and motion for directed verdict were overruled, to which the defendant excepted.

The case was submitted to the jury under instructions from the court and a verdict was returned in behalf of plaintiff for $10,000. The defendant now brings this appeal on the single proposition that the court erred in overruling the defendant's demurrer and the motion for directed verdict, because the evidence entirely failed to show that the driver was an agent or servant of the defendant at the time of the accident.

It is apparent from the record that there was no proof offered in behalf of the plea that Phillips was an independent contractor. In fact, the defendant's attorney stated to the court that this was deliberately not done. The record, then, is in the exact condition it was at the first trial when the defendant's demurrer was overruled, after the same proof had been offered. However, here the defendant introduced no proof to support the affirmative plea of independent contractor. The record shows, it is in fact admitted, that Phillips was acting in due course of his employment for the defendant.

The raising or indulging of a presumption in favor of one party to a lawsuit has been said to be a fiction placed in the law, placed there for the benefit of those who find themselves unable, primarily, to offer sufficient proof upon an issue. When once indulged, the burden of adducing proof to

the contrary to rebut such presumption, is then placed upon the opposing party.

In Oklahoma City Const. Co. v. Peppard, supra, this court held:

"Every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done, and if the facts be such as to exempt the owner of the property improved, or the persons for whom the work is being performed, from liability for the acts of those performing such work, it devolves upon him who claims such exemption to make proof of the terms of the contract showing that the relation of master and servant did not exist."

The rule established in this case and construed in the former opinion as the law in this state has been cited with approval in later decisions of this court. See Barnsdall Refining Co. v. State Industrial Commission, 163 Okla. 154, 21 P.2d 749.

Under the admitted facts, and the proof offered by the plaintiff, a legal presumption was raised in the plaintiff's behalf, and the burden thereupon devolved upon the defendant to destroy this presumption by offering proof to show the absence of any relation of master and servant. But the defendant deliberately avoided doing this by standing on the proposition that the complete burden was upon the plaintiff to prove this agency, and in failing to do this, failed to establish a defense.

The defendant seriously contends that under the early case of Stumpf v. Montgomery, 101 Okla. 257, 226 P. 65, the plaintiff failed to make out a case of agency, since the plaintiff did not prove that the defendant was the owner of this truck. Obviously the defendant places this argument entirely upon the question of ownership. However, this is not the controlling factor here. The fact that Phillips was the owner was admitted; it was also admitted that he was performing services for the defendant. It is the fact of this performance of services, rather than the fact of ownership, nonexistent here, which places the case within the rule announced in the Peppard Case.

The defendant cites the recent case of Fairmont Creamery Co. v. Carsten, 175 Okla. 592, 55 P.2d 757, and certain related cases, holding that draymen, cartmen, truckmen, etc., are regarded as independent contractors, unless there is specific evidence that control was exercised over them by the owner of the goods which were being hauled. Under the authority of this, and similar cases to the same effect, the defendant urges that the burden of proof was upon the plaintiff to prove the agency of Phillips.

We find no cause for disagreement with the rule announced by this case, but hold that the marked dissimilarity between this cited case and the case at bar makes the rule announced therein inapplicable. The distinguishing feature is this: The obvious intent of the rule announced in the Fairmont Case was to apply to a particular class of truckers or draymen, a class which served the public indiscriminately as a whole. No such problem is present in the instant case by reason of the fact that it was admitted that Phillips was performing a particular service for one person, the corporate defendant herein. Hence that case is not authority for destroying the rule announced in the Peppard Case and which has been consistently followed by this court.

We hold that the burden of going forward with evidence to destroy the legal presumption indulged the plaintiff devolved upon the defendant, and that by failing to discharge this burden the defendant failed to establish a defense, thereby permitting the plaintiff to make out his case.

Judgment of the trial court affirmed.

BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, GIBSON, and DAVISON, JJ., concur. OSBORN, C. J., absent. HURST, J., not participating.