COOK v. STEGALL.

No. 31961. March 5, 1946.

*166 P. 2d 767.*

Cheek, Gibson, Savage & Benefield, Alex Cheek, and James C. Cheek, all of Oklahoma City for plaintiff in error.

Hudson & Hudson, of Tulsa, for defendant in error.

BAYLESS, J. Hubart M. Cook appeals to this court from a judgment of the court of common pleas of Tulsa county, based on a verdict of the jury, in favor of Jack E. Stegall, d/b/a Jack E. Stegall Construction Company. Cook was employed by a third person as a tile layer and while engaged in the performance of his duties he was injured when struck by a board thrown from a building on which Stegall had done the carpentry work. Cook's insurance company paid his claim, took a subrogation therefor, and instituted this action to recover from Stegall on the theory that the man who threw the board from this building was an employee of Stegall and threw the board while in the performance of his duties.

The evidence introduced by Cook was extremely weak. His statement that Stegall did the carpentry work on this building, plus the statement of another man to the same effect, was the only evidence to connect Stegall with the construction of the building. Cook had only a momentary glance at the man who threw the board and did not know his name and did not know for whom he was working. Cook's contention assumed that Stegall was the builder of the building in question, that the material and scraps left in the building belonged to Stegall, that it was Stegall's duty to remove this waste material and clean up the building, and that the two men doing this work, including the man who threw the board, must have been Stegall's employees because they were seen doing his work. At the conclusion of the introduction of plaintiff's evidence, the defendant demurred thereto, and this demurrer was overruled. The defendant thereupon declined to introduce evidence and the court submitted the issues to the jury upon the evidence introduced and certain instructions. In these instructions the trial court told the jury, in effect, that the law raises no presumption of agency and that the person who alleges the relation of principal and agent has the duty of introducing evidence to support the existence of the relationship. The jury returned a verdict in favor of the defendant.

Plaintiff argues first that the evidence was sufficient to make a prima facie case of agency under the rule announced in Oklahoma City Construction Co. v. Peppard, 43 Okla. 121, 140 P. 1084, and based on this premise argues that the court correctly overruled the demurrer to the evidence, but erroneously refused to direct a verdict for the plaintiff when the defendant declined to introduce evidence, and erred in giving an instruction to the effect above stated and in refusing plaintiff's requested instruction based on the case above cited.

While the defendant has not cross-appealed and assigned as error the ruling of the court overruling its demurrer to the plaintiff's evidence, we are of the

opinion that the evidence introduced by the plaintiff was not sufficient to make out a prima facie case of agency under the Peppard Case, supra. We say this because we are of the opinion that had the trial court given the requested instruction submitted by the plaintiff, it would have been erroneous as not having been sustained by the evidence. The basic weakness of plaintiff's case was the failure to establish that the work which the two men were doing when they were cleaning out this building was the contractual duty of the defendant. In order to establish that the work which they were performing was the work of the defendant, the plaintiff had to assume that the duty was upon the man who erected the building to clean up and remove the waste material which he left. We are unwilling to indulge such an assumption. Based upon this assumption the plaintiff then sought to bring into existence the presumption which is allowed under the Peppard Case, supra. In all of the cases cited by the plaintiff the fact that the duty which the employee was performing was the obligation of the party being sued was invariably supported by substantial evidence or admitted, so that there was no occasion to resort to an assumption in the first instance as plaintiff has done in this case. Barnsdall Refining Co. v. State Industrial Com., 163 Okla. 154, 21 P. 2d 749; the Peppard Case, supra; Ellis & Lewis, Inc., v. Trimble, 177 Okla. 5, 57 P. 2d 244; and Ellis & Lewis, Inc., v. Trimble, 182 Okla. 414, 78 P. 2d 312.

This court has, on proper occasion, permitted the indulgence of one presumption or inference following another, Gypsy Oil Co. v. Ginn, 152 Okla. 30, 3 P. 2d 714, and on other occasions where the evidence did not justify, has declined to permit a presumption to be based upon another presumption, or an inference to be based upon another inference. Schaff v. Ferry, 105 Okla. 259, 232 P. 407, and other Oklahoma cases, and Masonite v. Hill, 170 Miss. 158, 154 So. 295, and annotation in 95 A.L.R. 162. The rule is that inferences of negligence must be based upon something more than conjecture or speculation, and when a given state of facts is stated, the inference arises only when it is more probable and not upon a bare possibility.

In this case we think the court, having overruled the demurrer to the evidence and having submitted the case to the jury, should have, in order to have been consistent with the previous ruling, instructed the jury along the rule announced in the Peppard Case, supra. Had the court done so and the jury returned a verdict for the plaintiff, it would have been subject to reversal because of our view of the weight of the evidence involved. Under the circumstances we think the verdict of the jury was wholly justified by the state of the evidence and that the refusal to instruct along the line requested by the plaintiff was harmless.

The judgment appealed from is affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, WELCH, CORN, and DAVISON, JJ., concur.