**Charles SHEPPARD, Plaintiff in Error,**
v.
**Annie W. HALL and Ernest Bartlett,
Defendants in Error.**

No. 36316.

Supreme Court of Oklahoma.
April 6, 1955.

lAppeal from the District Court of Custer County; W. P. Keen, Judge.

Action by Annie Hall against Ernest Bartlett and Charles Sheppard for personal injuries. Judgment for the plaintiff against defendant Sheppard and for the defendant Bartlett. Sheppard appeals. Affirmed.

Pierce, Mock & Duncan and James W. Shepherd, Jr., Oklahoma City, for plaintiff in error.

Meacham, Meacham, Meacham & Meacham, Clinton, for defendant in error, Annie W. Hall.

HALLEY, Justice.

This case involves a two-car collision on Highway 66 about four miles west of the City of Clinton in this State. The parties will be referred to as they appeared in the trial court. The plaintiff was riding in a car driven by her husband when that car

and a car driven by Jimmy Ray Sharp collided in a head-on collision. No question is raised as to the negligence of Jimmy Ray Sharp being responsible for the accident nor is any question raised in this appeal as to the extent of the injuries sustained by the plaintiff. The sole question is whether Jimmy Ray Sharp was the agent, servant and employee of the defendant Sheppard at the time this accident occurred. It was tried to a jury but at the close of the evidence the jury was discharged by agreement and the court decided the case on the law and evidence.

It appears that Ernest Bartlett was an automobile dealer in the City of Fort Smith, Arkansas, and he had an automobile to sell. He called Charles Sheppard who is an automobile dealer at Burbank, California, by long distance and Sheppard bought the car from Bartlett. Bartlett was to find a driver to take the automobile to Burbank. Bartlett found Jimmy Ray Sharp, who belonged to the United States Navy, stationed in California and Sharp agreed to drive the automobile to California. He was to buy the gas and oil that was consumed on the trip and was to receive $25 from Sheppard when he reached Burbank.

The plaintiff contends that Jimmy Ray Sharp was the agent, servant and employee of the defendant Sheppard and Sheppard maintains that he was not such, but was an independent contractor.

There is no question but that in this case Bartlett was authorized by Sheppard to get the driver. The evidence does not show that very definite instructions were given to Sharp about the manner, method and way that he was to get the car to California, but unquestionably the car belonged to Sheppard, and while Sheppard did not attempt to exert any control over Sharp as to the manner, method and way that he was to get the car to California, it is clear that Sheppard could have done so if he had so desired. The relationship here is one that is looked upon as that of master and servant. It is reasonable to infer that Sharp was to take the most direct route to Burbank and was on it at the time of the accident.

We think it is a well-settled rule that in determining whether the driver is the servant of the owner or an independent contractor, all the facts and circumstances are to be considered, and the usual test is the owner's right to control the details and manner in which the employment is carried on and not merely the power to control the result, and, where the right to control exists, the driver is the owner's servant even though the power is not exercised. In this case Sheppard had the right to control the manner the car was to be operated and the route it was to travel even though he did not exercise it. We think it is immaterial the fact that he did not attempt to instruct Sharp about the manner of driving and the route he was to travel. It was said in King v. Galloway, Tex.Com.App., 284 S.W. 942, 944:

"(2) In the first place, it must be borne in mind that on the question of control, the test is not the exercise thereof, but the right to exercise such control. In this connection, we quote from Labatt, p. 240, 19 A.L.R. as follows:

"'In every case which turns upon the nature of the relationship between the employer and the person employed, the essential question to be determined is not whether the former actually exercised control over the details of the work, but whether he had a right to exercise that control.'"

See also 60 C.J.S., Motor Vehicles, § 436, p. 1086.

We held in Boling v. Asbridge, 84 Okl. 280, 203 P. 894, that when the plaintiff has suffered injury from the negligent management of an automobile, it is sufficient prima facie evidence that the negligence was imputable to the defendant, to show that he was the owner of the car without proving affirmatively that the person in charge was the defendant's servant.

In Oklahoma City Construction Co. v. Peppard, 43 Okl. 121, 140 P. 1084, we held that every person who is found performing the work of another is presumed to be in the employment of the person whose work is being done, and the burden of proof is upon the employer to show that the alleged

employee was an independent contractor rather than the servant.

In Chicago, Rock Island & Pacific R. Co. v. Bennett, 36 Okl. 358, 128 P. 705, 707, 20 A.L.R. 678 we held:

"  *   *   *  But the test is not whether the defendant did in fact control and direct plaintiff in his work, but is whether it had the right under the contract of employment, taking into account the circumstances and situation of the parties and the work, to so control and direct him in the work.   *   *"

We have not been cited to a case exactly in point on the facts involved here but the case of Duncan v. Pedare, La.App., 161 So. 221, was one in which the driver of the automobile was riding with the owner of the automobile and was being furnished free transportation to a lodge meeting in another state.  It was held there that such a person driving pursuant to an agreement with the automobile owner under which said person agreed to drive for the privilege of riding on trip, was driving under the owner's authority so as to render owner liable for injuries to guest caused by driver's negligence.  In Richards v. Parks, 19 Tenn. App. 615, 93 S.W.2d 639, it was held that a person employed by the owner of an automobile to drive it in return for transportation and lodging on a trip was held to be the agent of the owner as regards his liability for injuries to the guest in the automobile.

■  The defendant Sheppard has cited two cases from California involving automobiles that were being driven from Detroit to California, but in both of those cases the drivers were shown to be the employees of the persons who contracted to drive the automobiles to California and were clearly not the agents of the owners of the automobiles but rather the agent of the men who had contracted the transporting of the cars to California.  We think that the doctrine of respondeat superior applies in this case.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, BLACKBIRD and JACKSON, JJ., concur.